UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DR. MEIKO THOMPSON | CIVIL ACTION |
| VERSUS | NO. 23-6972 |
| ABBOTT LABORATORIES | SECTION "O" |

## ORDER AND REASONS

Before the Court in this employment-discrimination case is the motion[1] of Defendant Abbott Laboratories to dismiss the complaint of Plaintiff Dr. Meiko Thompson, or, alternatively, to transfer this case to the United States District Court for the Northern District of Illinois under 28 U.S.C. § 1404(a). Defendant's Section 1404(a) motion was noticed for submission on April 3, 2024;[2] Plaintiff's response was due on March 26. *See* LOCAL CIVIL RULE 7.5. Over three months have passed, and Plaintiff has failed to respond. So, the Court considers the motion unopposed.

The unopposed motion has merit. Invoking *Atlantic Marine Construction Company v. United States District Court for the Western District of Texas*, 571 U.S. 49 (2013), Defendant contends that the Court should transfer this case to the Northern District of Illinois under Section 1404(a) because Plaintiff's race- and disability-discrimination claims arise from an "Employee Agreement" featuring an enforceable forum-selection clause that mandates litigation "in Lake County, Illinois state court or the Northern District of Illinois federal court."[3] The Court agrees.

---

[1] ECF No. 9.
[2] ECF No. 16 (granting Plaintiff's untimely motion to continue the submission date to April 3).
[3] ECF No. 9-3 at 8 (¶ 16(a)).

Under Section 1404(a), "[f]or the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The "usual" Section 1404(a) transfer analysis requires the Court to "consider[] various private- and public-interest factors." *Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 766 (5th Cir. 2016). But "[t]he existence of a mandatory, enforceable [forum-selection clause] dramatically alters" the "usual" Section 1404(a) analysis in at least three ways. *Id.* at 766, 767.

First, "the plaintiff's choice of forum 'merits no weight'; instead [the plaintiff] has the burden of establishing that § 1404(a) transfer . . . is unwarranted." *Id.* at 767 (citing *Atl. Marine Constr. Co.*, 571 U.S. at 63). Second, "the court should not consider the private-interest factors: Because the parties have contracted for a specific forum, they 'waive the right to challenge their preselected forum as inconvenient.'" *Id.* (quoting *Atl. Marine Constr. Co.*, 571 U.S. at 63) (ellipses omitted). "Instead, the court should consider *only* public-interest factors." *Id.* (citing *Atl. Marine Constr. Co.*, 571 U.S. at 63). "Because public-interest factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." *Atl. Marine Constr. Co.*, 571 U.S. at 64. "Cases in which the public-interest factors are sufficiently strong to outweigh a valid [forum-selection clause] 'will not be common.'" *Weber*, 811 F.3d at 767 (quoting *Atl. Marine Constr. Co.*, 571 U.S. at 64).

Third, "when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum," as Plaintiff did here, "§ 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules—a factor that in some circumstances may affect public-interest considerations." *Atl. Marine Constr. Co.*, 571 U.S. at 64 (citing *Piper Aircraft Co.*, 454 U.S. at 241 n.6).

Ultimately, "[w]hen parties have contracted in advance to litigate disputes in a particular forum," as the parties did here, "courts should not unnecessarily disrupt the parties' settled expectations." *Id.* at 66. "In all but the most unusual cases, therefore, the interest of justice is served by holding parties to their bargain." *Id.*

*Atlantic Marine* requires transfer. Three steps show why. First, the forum-selection clause is mandatory. "A mandatory [forum-selection clause] affirmatively requires that litigation arising from the contract be carried out in a given forum." *Weber*, 811 F.3d at 768. The forum-selection clause is mandatory because it specifies that "any action or proceeding arising out of or relating to [the Employee Agreement] or the transactions contemplated hereby . . . shall be heard and determined in Lake County, Illinois state court or the Northern District of Illinois federal court."[4]

Second, Plaintiff fails to overcome the "strong presumption" favoring enforcement of the forum-selection clause. *Id.* at 773 (citing *Haynsworth*, 121 F.3d at 962–63). To overcome that "strong presumption," Plaintiff must make "a clear showing that the clause is 'unreasonable' under the circumstances." *Id.* (quoting *Haynsworth*, 121 F.3d at 963). Plaintiff fails to oppose the motion and so Plaintiff

---

[4] ECF No. 9-3 at 8 (¶ 16(a)).

3

necessarily fails to make "a clear showing that the clause is 'unreasonable' under the circumstances." *Id.* (quoting *Haynsworth*, 121 F.3d at 963).

Third and finally, Plaintiff has not met her heavy burden to show that "this is one of the rare cases in which the public-interest . . . factors favor keeping a case despite the existence of a valid and enforceable [forum-selection clause]." *Id.* Plaintiff necessarily fails to show that the public-interest factors defeat enforcement of the mandatory forum-selection clause because Plaintiff fails to oppose the motion.

\* \* \*

In sum, the Employee Agreement's forum-selection clause is (1) mandatory and (2) enforceable, and (3) the public-interest factors do not defeat enforcement of it. *Atlantic Marine* thus requires the Court to transfer this case under Section 1404(a).[5]

---

[5] A stay is not merited. To be sure, district courts should stay venue-transfer orders "for a short time so that opposing parties may have time to seek review, *if warranted*, on a less hurried/harried basis." *In re Chamber of Com. of United States of Am.*, No. 24-10463, — F.4th—, 2024 WL 3042100, at \*11 (5th Cir. June 18, 2024) (emphasis added) (citing *In re Clarke*, 94 F.4th 502, 507 n.1 (5th Cir. 2024)). But Plaintiff failed to oppose Defendant's Section 1404(a) motion and so Plaintiff preserved no arguments for which she could "seek review." *Id.*; *see, e.g.*, *Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021) (explaining that "[a] party forfeits an argument by failing to raise it in the first instance in the district court—thus raising it for the first time on appeal" (internal citations omitted)).

Accordingly,

**IT IS ORDERED** that Defendant's motion[6] to dismiss or, in the alternative, to transfer venue is **GRANTED IN PART** and **DENIED IN PART**. The motion is **GRANTED IN PART** as to Defendant's request for transfer. Under 28 U.S.C. § 1404(a), *Atlantic Marine*, and the Employee Agreement's mandatory, enforceable forum-selection clause, this case is **TRANSFERRED** to the United States District Court for the Northern District of Illinois. The motion is **DENIED IN PART**, however, as to Defendant's request for dismissal rather than transfer. *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 313 (5th Cir. 2008) (en banc) ("[U]nder § 1404(a)[,] a court does not have authority to dismiss the case; the remedy under the statute is simply a transfer of the case within the federal system to another federal venue more convenient to the parties, the witnesses, and the trial of the case.").

New Orleans, Louisiana, this 3rd day of July, 2024.

_____
BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

---

[6] ECF No. 9.

5